November 6th, 1911.

————o————

5383.

(Court of Appeal, Parish of Orleans.)

## DR. CHARLES W. DUVAL vs. HAMMOND CO- OPERATIVE CREAMERY ASSOCIATION.

Involves only issues of fact.

Appeal from the Civil District Court, Division "E."

J. May, for plaintiff and appellee.

Caffery, Quintero, Gidiere & Brumby, for defendant and appellant.

ST. PAUL, J.—This cause involves only issues of fact.

Plaintiff alleges that he was employed by defendant to make a bacteriological examination of the milk furnished by defendants to its customers with a view to ascertain its condition, and to suggest improvements in the method of handling the same if any were needed. For the service so contracted for and rendered he claims the sum of $500.00.

Defendant admits that it employed plaintiff, but alleges that it was only for the purpose of making a bacteriological **count** of some samples of its milk with a view to compare its own product with the products of its competitors, after a like bacteriological count.

The evidence shows that, to the knowledge of defendant, the only work done by plaintiff was along the lines of employment indicated by him, and that nothing whatsoever was done or attempted by plaintiff or suggested to him by defendant in the way of comparing its product with that of others. That defendant received without objection plaintiff's report upon the work done by him, together with plaintiff's bill therefor; and that defendant's first response to plaitniff''s demand was a denial of any liability whatsoever, in which denial of liability it persisted until this suit was actually brought against it. It is not disputed that the work actually done by plaintiff is worth the sum claimed by him.

The trial Judge who saw and heard the witnesses found the facts to be with the plaintiff, and we are led to the same conclusion by our own reading of the testimony, which it would serve no useful purpose to detail here.

But we may say that the testimony of defendant's own manager, as to the character of the samples to be furnished plaintiff for examination, shows unmistakably that the purpose of the examination was to discover at what point, before or after delivery, the contamination of the milk, if any, took place, and not for the purpose of comparing the milk delivered by the defendant with the milk delivered by other dealers.

The judgment appealed from seems to us correct.

Judgment affirmed.

November 6th, 1911.

———o———

5339.

(Court of Appeal, Parish of Orleans.)